**Tommie Lee STEWART,**
**Plaintiff–Appellant,**

v.

**Bill WOODLEY, CUS at WSR; et al., Defendants–Appellees.**

**No. 04–36005.**

**D.C. No. CV–04–01545–MAT.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Tommie Lee Stewart, Aberdeen, WA, pro se.

Douglas Wayne Carr, Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

**MEMORANDUM***

Washington state prisoner Tommie Lee Stewart appeals pro se the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 action alleging that prison employees violated his due process and equal protection rights. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004), *cert. denied, Cholla Ready Mix, Inc. v. Mendez,* —— U.S. ——, 125 S.Ct. 1828, 161 L.Ed.2d 724 (2005), we affirm.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Stewart alleged that some of the personal property that was confiscated from him when he was placed in segregation was never returned to him, and that his state tort claim of property deprivation was denied based on a finding of no negligence on the state's part. The district court properly dismissed the action because Stewart's allegations do not state a constitutional claim. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (deprivation of property does not constitute a due process violation when a post-deprivation state remedy is available); Wash. Rev.Code § 4.92.090; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (equal protection claim requires that plaintiff allege that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class").

The district court did not abuse its discretion in denying Stewart's motion for leave to amend his complaint because amendment would have been futile. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir.2002).

Stewart's remaining contentions are without merit.

**AFFIRMED.**